**JIAN LU XIE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3054–ag.**

United States Court of Appeals, Second Circuit.

March 7, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Vlad Kuzmin, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; James E. Grimes, Senior Litigation Counsel; Angela N. Liang, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Lu Xie, a citizen of the People's Republic of China, seeks review of a June 19, 2007 order of the BIA affirming the November 29, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr denying Xie's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Lu Xie*, No. A 97 957 972 (B.I.A. June 19, 2007), *aff'g* No. A 957 972 (Immig. Ct. N.Y. City Nov. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We find that the agency's adverse credibility determination was supported by substantial evidence. The IJ reasonably found implausible that Xie: (1) became a Falun Gong instructor within four months of having learned the practice himself; (2) taught Falun Gong in a government hospital, when he acknowledged that he knew that Falun Gong had been outlawed by the Chinese government; and (3) taught Falun Gong to students at the school where he worked, after having been fired from his job at the hospital for the same reason. These findings were proper where the IJ developed the record such that the reasons for her incredulity were apparent. *Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (affirming when implausibility is "viewed in the light of common sense and ordinary experience").

In addition, the IJ reasonably based her adverse credibility determination on her finding that Xie's asylum application and testimony were inconsistent regarding how he came to be fired from his job at the hospital. He testified that hospital officials discovered that he was teaching Falun Gong in the hospital, but made no such assertion in his asylum application. Because this inconsistency concerned the central element of Xie's claim, it was plainly "material to his claim of persecution," *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc), and substantial when measured against the record as a whole, *Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). Therefore, the IJ properly relied on this inconsistency as a basis for her adverse credibility determination. Although Xie was given the opportunity to explain these inconsistencies and implausibilities, the IJ reasonably rejected his explanations. *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony un-

less those explanations would compel a reasonable fact-finder to do so).

■ Lastly, the IJ did not err in finding that Xie's failure to submit evidence corroborating his claim rendered him unable to rehabilitate testimony that had already been cast in doubt. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

■ However, the IJ erred by basing her adverse credibility determination on her finding that Xie's testimony about his practice of Falun Gong was "lacking in detail" where she did not ask him to provide additional details. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005) (holding that the record did not support the agency's adverse credibility finding in the absence of additional probing).[2]

■ This error notwithstanding, remand would be futile because, based on the properly made findings outlined above, it can be "confidently predict[ed]" that the IJ would reach the same decision on remand. *Xiao Ji Chen,* 471 F.3d at 339. The IJ's adverse credibility determination was amply supported by her findings of inconsistencies and implausibilities that were material to Xie's claims, and his failure to rehabilitate his testimony with corroborating evidence. Accordingly, the IJ properly found that Xie failed to meet the burden of proof required for asylum, withholding of removal, and relief under the CAT, where each of his claims was based upon the same factual predicate. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

■ Xie further claims that the BIA violated his due process rights by declining to review the "previously unavailable" evidence he submitted in support of his appeal to the BIA. Although Xie asserted in his appeal to the BIA that "[i]n the alternative, this matter should be remanded to proper adjudication of the newly available evidence," he did not file a motion to remand as required by regulation. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (providing that a "party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand"). Accordingly, the BIA did not violate Xie's due process rights by declining to consider the new evidence he submitted. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. To the extent the IJ's finding can be read to question Xie's practice of Falun Gong by virtue of his lack of doctrinal knowledge, it was in error. *See Yose Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006) ("Both history and common sense make amply clear that people can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion's doctrinal tenets, and that those same people can be persecuted for their religious affiliation.").